IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LEON ANDRE DICKENS,        §
TDCJ-CID NO.744402,        §
       Plaintiff,        §
v.        §        CIVIL ACTION NO. H-05-2240
               §
ARTURO RODRIGUEZ, et al.,        §
       Defendants.        §

OPINION ON DISMISSAL

      Plaintiff Leon Andre Dickens, a state inmate proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that a correctional officer used excessive force and engaged in official oppression in violation of his Eighth and Fourteenth Amendment rights.  (Docket Entries No.6, No.7).  Plaintiff seeks compensatory and punitive damages, and declaratory relief.  For the reasons to follow, the Court will dismiss plaintiff's complaint with prejudice.

I. BACKGROUND

      Plaintiff claims on June 14 or 15, 2004, he was asleep with earplugs in his ear.  (Docket Entry No.6).  Around 4:40 a.m., defendant Officer Arturo Rodriguez, awakened him by loudly commanding him to produce his identification card.  Plaintiff complied immediately.  Rodriguez then asked plaintiff why he failed to show Officer Tarango the identification card when she came by plaintiff's cell.  Plaintiff replied that he did not hear Tarango because he was asleep and had earplugs in his ears.  Rodriguez berated plaintiff and walked away with plaintiff's identification card.  Ten minutes later, plaintiff was called to retrieve the card from the Captain's office.  (*Id.*).

      Plaintiff was met at the office by Rodriguez and Officers Carl Aucoin and Terry Bell.  (*Id.*).  Rodriguez ordered plaintiff to strip out of his clothes and plaintiff complied.  (*Id.*).  Rodriguez then

made plaintiff quickly "turn a 360."  (Docket Entry No.11, page 1).  Rodriguez stood within a foot of plaintiff.  (Docket Entry No.6).  Using his index finger, Rodriguez poked plaintiff repeatedly on the nose and stated, "When my officer give[s] you an order I suggest you comply!"  (*Id.*).  Plaintiff replied that he did not hear the order because he had earplugs in his ears and was asleep.  (*Id.*).  Plaintiff further claims that Rodriguez threatened to harm plaintiff if Rodriguez had any more trouble with plaintiff, to which plaintiff replied, "Yes sir, could you stop poking me in my nose?"  (*Id.*).  Rodriguez told plaintiff to shut up and continued to poke plaintiff in the nose.  Plaintiff persisted in requesting Rodriguez to stop poking his nose.  (*Id.*).

Defendants Bell and Aucoin encircled plaintiff, who was naked, and watched Rodriguez make ribald comments and threats to plaintiff's safety.  For ten minutes, plaintiff stood naked in front of the Captain's office and recreation yard.  A female guard and a male guard witnessed the incident.  (Docket Entry No.11, page 2).  Plaintiff does not know if other inmates were present at the time.  (*Id.*, page 3).

Around 5:00 a.m., Rodriguez ordered plaintiff to dress and informed plaintiff that he was going to be locked up for creating a disturbance by not showing his identification.  (*Id.*).  Plaintiff questioned how he could create a disturbance while he was asleep but Rodriguez had plaintiff cuffed and escorted to administrative segregation.  (*Id.*).

Plaintiff was served with a disciplinary violation for creating a disturbance by not showing his identification.  The charge of creating a disturbance was later dismissed and plaintiff was found guilty of failing to show his identification.  (*Id.*).

Based on the foregoing, plaintiff alleges the following violations of his civil rights:

1.    Defendant Rodriguez engaged in cruel and unusual punishment in violation of the Eighth Amendment by using unwarranted physical force in poking plaintiff in the nose and forcing plaintiff to stand naked for ten minutes for the sole purpose of humiliation;

2.      Defendants Bell and Aucoin engaged in cruel and unusual punishment by failing to intervene and prevent the misuse of force, dehumanization and humiliation; and,

3.      Defendant Rodriguez violated plaintiff's due process rights under the Fourteenth Amendment by placing plaintiff in administrative segregation when plaintiff's actions did not meet TDCJ-CID's criteria for placement in administrative segregation.

(*Id.*).

## II. DISCUSSION

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). Because plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  42 U.S.C. 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997(e)(c) and 28 U.S.C. § 1915A(b).  In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)).  A review for failure to

state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).   Under that standard, a court must assume that plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.* (citations omitted).

A. Compensatory Relief

Section 1997e(e) of 42 United States Code provides: "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Fifth Circuit recently held that "it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (finding § 1997e(e) bars compensatory damages for alleged First Amendment violation without physical injury).

Plaintiff does not allege that he suffered a physical injury as a result of defendant Rodriguez's actions or defendants Aucoin and Bell's failure to intervene. Therefore, to the extent that plaintiff claims that he was humiliated from the alleged violations of his Eight Amendment right against cruel and unusual punishment and his Fourteenth Amendment right to due process, his claims for compensatory relief are barred by § 1997e.

4

B. Declaratory Relief

Plaintiff requests a declaration that defendants violated his constitutional rights.   He complains that Officer Rodriguez violated his due process rights under the Fourteenth Amendment and his Eighth Amendment rights against cruel and unusual punishment by poking him in the nose with his finger and forcing him to stand naked for approximately ten minutes, encircled by Officers Bell and Aucoin.

1. Cruel and Unusual Punishment

Taking plaintiff's allegations as true, the Court finds that plaintiff's poke in the nose does not constitute physical force sufficient to constitute an Eighth Amendment excessive force claim. *See Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights").   Moreover, plaintiff's allegations of verbal abuse do not present an actionable section 1983 claim.   *See Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (holding that threatening language and gestures of a custodial officer, without more, do not amount to a constitutional violation).

To the extent that plaintiff complains that Rodriguez violated the Eighth Amendment's prohibition against cruel and unusual punishment by the manner in which he conducted a strip search, his complaint lacks an arguable basis in law.   The Fifth Circuit Court of Appeals has refused to extend the Eighth Amendment to strip searches.   *Moore v. Carwell*, 168 F.3d 234, 237 (5th Cir. 1999) (noting that a complaint about a strip search is analyzed under the Fourth Amendment instead of the Eighth Amendment).   Although the Fifth Circuit has found a minimal right to privacy under the Fourteenth Amendment, plaintiff has not pled that Rodriguez violated his right to privacy by

forcing him to stand naked in view of a female guard under the Court's substantive due process doctrine. *See Oliver v. Scott*, 276 F.3d 736, 745 (5th Cir. 2002).

To the extent that plaintiff complains the conditions of his confinement, *i.e.*, standing naked for ten minutes in an outdoor recreation area at 5:00 a.m. within the purview of a female guard, violates the Eighth Amendment's prohibition against cruel and unusual punishment, his claim must also fail. The Eighth Amendment imposes on prison officials a duty to provide humane conditions of confinement and to take reasonable steps to ensure the safety of those confined. *Farmer v. Brennan*, 511 U.S. 825, 831-33 (1994). To prevail on a claim that a prison official violated this Eighth Amendment duty, an inmate must satisfy a two-prong test. First, the inmate must demonstrate that he is incarcerated under conditions posing a substantial risk of serious harm and that the prison official was conscious of that risk. *Id.* at 834. Second, the inmate must prove that the prison official was deliberately indifferent to inmate health or safety. *Id.* Acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk. *Id.* at 836.

Plaintiff's pleadings do not show that Officer Rodriguez exposed plaintiff to conditions, which posed a substantial risk of serious harm to plaintiff or that Rodriguez acted with deliberate indifference to plaintiff's health or safety. Moreover, plaintiff's pleadings do not show that he suffered serious psychological harm as a result of encounter with Rodriguez.[1] Therefore, plaintiff fails to state an Eighth Amendment claim against Officer Rodriguez.

If plaintiff's Eighth Amendment claim against Rodriguez is frivolous, it follows that his Eighth Amendment claims against Officers Bell and Aucoin for failing to intervene are also

---

[1]  Plaintiff's pleadings show that he sought counseling after the encounter with Rodriguez. He was diagnosed with an "adjustment disorder with depressed mood." (Docket Entry No.11, attachment).

frivolous.   Accordingly, plaintiff is not entitled to declaratory relief on his Eighth Amendment claims.

## 2. Due Process

Next plaintiff claims that Officer Rodriguez violated his due process rights under the Fourteenth Amendment by failing to follow TDCJ-CID policy with respect to pre-hearing detention. (Docket Entry No.6).  Plaintiff complains that Rodriguez placed him in administrative segregation for creating a disturbance by not showing his identification card, even though plaintiff did not meet TDCJ-CID's criteria for placement in pre-hearing detention.  (*Id.*).

Plaintiff's due process claim is frivolous.  The mere failure of prison authorities to follow prison rules and regulations does not, without more, give rise to a constitutional violation.  *Myer v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).  Accordingly, plaintiff is not entitled to declaratory relief on his due process claim.

## D. Punitive Damages

Plaintiff seeks punitive damages for his alleged injuries.  The general rule in the Fifth Circuit regarding punitive damages in § 1983 cases is that a punitive award may stand in the absence of actual damages where there has been a constitutional violation.  *Louisiana ACORN Fair Housing v. LeBlanc*, 211 F.3d 298, 302-03 (5th Cir. 2000); *see also Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003).  Punitive damages, however, may be awarded only when the defendant's conduct "is 'motivated by evil intent' or demonstrates 'reckless or callous indifference' to a person's constitutional rights."  *Williams*, 352 F.3d at 1015.  "The latter standard requires 'recklessness in its subjective form,' *i.e.* a 'subjective consciousness' of a risk of injury or illegality and a 'criminal indifference to civil obligations.'"  *Id.*

Even if plaintiff had stated an actionable claim, plaintiff would not be entitled to punitive damages.  His pleadings, if true, reflect defendants' attempt to exert their authority over plaintiff. Although offensive as pled, defendants' actions do not reflect an evil intent or a reckless or callous indifference to plaintiff's constitutional rights.

Accordingly, plaintiff is not entitled to punitive damages on his constitutional claims.

### III. CONCLUSION

Based on the foregoing, the Court enters the following ORDERS:

1.    Plaintiff's application to proceed *in forma pauperis* (Docket Entry No.9) is DENIED, as moot.

2.    All claims against all defendants are DISMISSED.

3.    Plaintiff's complaint is DISMISSED WITH PREJUDICE.

4.    All pending motions, if any, are DENIED.

The Clerk will provide copies of this Order to the parties, to the TDCJ - Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711, Fax 512-936-2159; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention:  Betty Parker.

**SIGNED** at Houston, Texas, this 14th day of March, 2006.

_____
          MELINDA HARMON
     UNITED STATES DISTRICT JUDGE